## WILLIS CASE ROWE *v.* WARDEN, MARYLAND PENITENTIARY

[No. 36, September Term, 1968.]

*Decided October 10, 1968.*

Before MURPHY, C.J., and ANDERSON, MORTON, and ORTH, JJ.

PER CURIAM.

Willis C. Rowe was found guilty of murder in the second degree in the Criminal Court of Baltimore on 29 June 1965. He was sentenced to imprisonment for a term of 18 years, the sentence to date from 13 May 1958.[1] There was no appeal from this judgment. The docket entries show that a petition under the Uniform Post Conviction Procedure Act was filed on 5 October 1965 and was withdrawn upon motion of the applicant by order of the Criminal Court of Baltimore on 15 November 1965. On 26 December 1966 a second post conviction petition was filed in proper person and answered by the State on 30 December. It made the bald allegations that the petitioner had been "subjected to double jeopardy," been denied a speedy trial, been "subjected to cruel and unusual punishment" and "in other words, and in sundry respects * * * been denied due process and the equal protection of the laws." It asserted that it was "in effect solely an appeal from the proceedings in the Maryland Court of Appeals, and hence from the logical consequences of those proceedings" and that the petitioner did not "now allege

---

1. The history of the case prior to this trial is set forth in *Rowe v. State*, 234 Md. 295. Bronza M. Parks was shot and killed on 13 May 1958. Rowe was indicted for the murder on 5 June 1958. Upon a plea that he was insane at the time of the commission of the alleged crime, he was sent to a State mental institution for examination and treatment, if necessary. In January 1960 he was transferred to Clifton T. Perkins State Hospital. In January 1962 the staff at Perkins found he was capable of standing trial and in July 1962 he was transferred to a jail to wait trial. He was tried in February 1963. The trial court accepted the verdict of the jury of guilty of murder in the second degree despite the fact that the jury had found on the issue of sanity that the defendant was insane at the time of the trial in addition to finding that he was sane at the time of the commission of the offense. On appeal from the judgment a majority of the Court of Appeals decided that the verdict of guilty on the issue of guilt or innocence and the sentence imposed be stricken but that the findings on the issues of sanity and insanity were to remain as entered. It remanded the case "for entry of an order staying the proceedings and committing the defendant to a mental institution until he shall recover his reason." In 1965 the case was removed from the Circuit Court for Wicomico County for re-trial in the Criminal Court of Baltimore City.

errors on the part of the Baltimore City Criminal Court, since the Court was bound to implement the erroneous decision and mandate of the State's highest Court." [2] It concluded that the issues "are *res judicata*, locally, and hence this petition is subject to being dismissed now." [3] On 10 January 1967 Rowe filed in proper person a "Motion to Dismiss," stating that the State's answer to his petition averred that " 'the alleged errors have been previously and finally litigated' locally" and "that for the second time the petitioner agrees with this allegation." He concluded that the court "is without legitimate power to stir up litigation or to insist in any way upon a quarrel in a case where the parties have agreed, as here—twice over—that they have no justifiable dispute." On 31 January Judge James K. Cullen, presiding in the Criminal Court of Baltimore dismissed the petition upon Rowe's motion but "expressed no opinion as to the question of whether the alleged errors * * * have been previously and finally litigated." Under the same date the court amended its original opinion "to the extent that it will dismiss, with prejudice, the Petition of Willis C. Rowe for relief under the Uniform Post Conviction Procedure Act," noting that it had received correspondence from Rowe "which has persuaded this Court to reach the conclusion that the Petitioner is fully aware of his rights in this matter and is perfectly willing to freely and voluntarily waive any and all rights to a hearing on the issues presented by his Petition." On 30 April 1968 Rowe filed a "Petition for Leave to Appeal from Denial of Post-Conviction Cause"; under date of 13 May 1968 he filed a "Second Petition for Leave to Appeal from Denial of Post-Conviction Cause"; and under date of 6 June 1968 he filed a "Third Petition for Leave to Appeal from Denial of Post-Conviction Cause." We believe from these documents that Rowe is not seeking leave to appeal from the dismissal of his second post conviction petition of 26 December 1966 despite the title he

---

**2.** *Certiorari* with respect to *Rowe v. State, supra,* was denied by the Supreme Court of the United States on 23 November 1964, 379 U. S. 924.

**3.** In a letter accompanying the petition, Rowe asserted that he was "a member of the bar, with three university degrees, including two law degrees."

has given the documents. And if the "petitions" are considered as application for leave to appeal from such dismissal they must be denied as not timely filed. Md. Rule, BK46a; *Bynum v. Warden,* 230 Md. 631. But in the first document Rowe refers to "his petition for habeas corpus" filed by him in the Circuit Court for Howard County, "anticipating prejudice in Baltimore." He states that "on February 21, 1968 said Court referred the case to the Baltimore City Criminal Court — under 'Rule Z 54'," and complains that he has not received a hearing thereon. He prays "for leave to appeal from a de facto and manifestly illegal denial of his cause; that alternatively he prays for change of venue to some presumedly unprejudiced jurisdiction; that alternatively he prays for a writ of mandamus or similar order requiring the Baltimore Court to act forthwith." In the second document he "incorporates * * * by reference all allegations" contained in the first document and complains that no action has been taken, pointing out that he has had no opportunity to elect whether his application is to be entertained as a proceeding under the Post-Conviction Procedure Act. See Md. Rule, Z 55. In the third document he alleges that about 16 May he "was brought, totally unprepared, and unrepresented or assisted by counsel, and without even the benefit of some responsive pleading from the State, before Judge James A. Perrott of the Baltimore Courts." Judge Perrott announced that he would appoint Francis D. Murnaghan, Jr. as counsel for him. Hearing nothing further he wrote Mr. Murnaghan on 31 May and received a reply under date of 4 June that the judge did not expect to appoint Mr. Murnaghan as counsel but "does contemplate taking action in due course on the matter." He received a letter through Judge Perrott's bailiff on 4 June stating that "pursuant to Rule Z 55—we are forwarding your case to the county wherein your conviction arose, which county will handle all matters relating to the proceeding, including the appointment of counsel." He points out "that this petition for leave to appeal the de facto denial is emphatically not concerned directly with the previous proceeding dismissed 'with prejudice' * * *."

No appeal lies to this Court as sought by Rowe and we are without jurisdiction in the matter. Nor does the record before us show whether or not the allegations made are correct. We

284

note, however, that the confinement, the cause of which Rowe is inquiring into, was the result of a conviction in the Criminal Court of Baltimore City and if an application for a writ of habeas corpus was in fact made to a judge in the Fifth Judicial Circuit, that judge, in his discretion, could properly refer the application to any court in the Eighth Judicial Circuit in which Rowe was convicted. We further note that the court to which the application was so referred "shall act thereupon forthwith, and shall have no power to further refer or transfer the application." Md. Rule Z 54.

*Application denied.*